## UNENFORCIBLE AGREEMENT BETWEEN A BROKER AND OWNER.

Common Pleas Court of Franklin County.

THOMAS C. JAMISON V. RICHARD A. HARRISON, JR.

Decided, December 20, 1918.

*Real Estate Agent—Should Know that One with Whom He Enters Into an Agreement to Effect a Sale—Is Able to Complete the Transaction—Purchaser Procured But Owner Not in Position to Complete the Transaction—Action to Recover Commission Not Maintainable.*

An agreement between a broker and a real estate owner, for the sale of property upon terms specified, is not enforcible unless the owner is in a position to complete the transaction; and where a broker knowingly enters into a contract to procure a purchaser for one who owns an interest only, and not the whole title, a petition for recovery of his commission, after procuring a purchaser able, ready and willing to take the property upon the terms proposed, is open to demurrer.

*Wilson & Rector,* for plaintiff.
*James A. Allen,* contra.

KINKEAD, J.

This action is brought to recover $2,115.75 on an alleged contract to procure a purchaser for a farm. The petition claims that an oral agreement was made that plaintiff was to procure a purchaser who should be ready, willing and able to buy the real estate at the rate of $175 per acre in which defendant had an undivided one-fourth interest. Plaintiff avers that he procured the purchaser but that defendant neglected and refused to contract with the purchaser for said farm.

Defendant interposes a demurrer to the petition for want of facts sufficient to constitute a cause of action.

In support of the demurrer it is contended that as it appears from the petition that defendant only had an undivided one-

fourth interest in the property; that as the petition failed to show that defendant had authority to make the alleged contract for all owners thereof, there is a failure to state a cause of action. That is the logical conclusion of the argument presented by counsel for defendant.

When the question was before the court on motion to require plaintiff to state the interest of defendant in the property, the thought was that when two persons make such contract under the circumstances, it must appear that the one having an interest in the property has such absolute ownership or power to make sale as will enable him to make a contract with a purchaser that will be efficacious.

The form of plaintiff's first allegation "in which the defendant had an interest," was suggestive of knowledge by plaintiff that defendant had an undivided interest in the property.

So it seemed that plaintiff's knowledge of the nature of defendant's interest and of his power, authority and ability to make a deed to a purchaser, which plaintiff might be able to procure, *might* and perhaps *ought* to have something to do with his rights under such contract.

But the learned counsel for plaintiff contends:

"What interest the defendant had in the farm is an unimportant question. If he had no interest at all, he could employ the plaintiff to find a purchaser, upon the supposable theory, for illustration, that he considered himself in a position to obtain title and make conveyance when the time should arrive. *This is the reason the court erred in sustaining the motion.* * * * Plaintiff was not bound to inquire what arrangement the defendant had for making a conveyance. That was not up to the plaintiff, and it was none of his affairs. * * * If the defendant could not convey the land, that was his own misfortune. Just a little common sense applied will be of more value than authorities on agency."

Common sense is ordinary or customary intelligence. We are unable to determine that the suggestions of counsel disclosed by the matter quoted is the usual, ordinary or customary intelligence or conception taken. So we are not at the moment

sure that it is "common sense." We are familiar with the rule that when an owner of real estate bargains with a broker to pay the latter a certain sum, if he will procure a purchaser for such land, the broker is entitled to his commission if he procures a purchaser who is ready, able and willing to take the property upon the terms specified.

But in all the cases on the subject of broker's commission with which we have "judicially" come in contact we have never had occasion to consider the right of a broker who knowingly deals with a person who owns but an undivided one-fourth, and makes an agreement to procure a purchaser with such express knowledge, but without knowing whether such part owner of the undivided interest has authority to contract for the remaining owners.

When a real estate broker makes a contract merely to "procure a purchaser" he should know that the one for whom it was made, could, when the purchaser is procured complete the transaction by making a contract and deed on the terms stated when the purchaser procured is ready, willing and able to comply with the terms. This must be so, since the rule is that a broker employed to find a purchaser is not entitled to a commission where no sale is made, *unless* a purchaser is able, ready and willing to take the property upon the terms specified by the *principal.* 19 Cyc., 246, n. 93.

Counsel for plaintiff evidently takes the position that having made a contract with an undivided one-fourth owner, having procured a purchaser who was willing to take the property upon the terms fixed by him, the broker is entitled to his commission even though the sale is not consummated because the other owners were not parties to the matter. Plaintiff's contention is that the arrangements between the owners, if there were any, did not concern plaintiff, the broker.

Suppose, for instance, that plaintiff as broker dealt with defendant, who neither had partial ownership in the property, nor authority, could it then be said that he dealt with an owner or principal, or with one having authority to represent him?

A real estate broker in undertaking to procure a purchaser in all cases must act for the principal—the owner. If he acts

with an agent, or one supposed to be an agent, but who turns. out to be an irresponsible one with no power or authority to bind the owner, in such case a purchaser procured can not be ready, willing and able to take the property upon the terms; proposed by owner or principal, because there is none, so that there can be no failure on the part of an owner to consummate the transaction, which must be the basis of the broker's right to recover.

In *Wylie* v. *Maine Bank*, 61 N. Y., 416, it was held "that to entitle the broker to commissions, he must produce a purchaser ready and willing to enter into a contract on the employer's terms. This implies and involves the *agreement of buyer and seller*, the meeting of their minds, produced by the agency of the broker."

In *Sibbald* v. *Iron Co.*, 83 N. Y., 378, 38 Am. Rep., 441, on p. 444 it is said:

"But in all the cases * * * the fundamental and correct doctrine is, that the duty assumed by the broker is to bring the minds of the buyer and *seller* (or *sellers*) to an agreement for a sale, * * * until that is done his right to commissions does not accrue."

"The authorities support the rule that the purchaser must be ready, willing and able to buy on the terms specified by the 'principal' to broker. The principal of course must be an owner, not a partial owner, not an agent without full authority." See 4 Am. & Eng., p. 974, and cases cited.

If he is to procure a purchaser, he must have from the owner or owners, or through an agent with their authority, the price and terms upon which all owners are willing to make a sale. The petition on its face discloses that plaintiff did not deal with all the owners and fails to show that he dealt with any one having authority.

If a broker deals with an irresponsible person, or makes a bargain with one whom he knows has but one-fourth interest, and undertakes to get a purchaser upon terms stated by one owing merely an undivided interest, without taking the precaution of ascertaining the attitude or action of the other three owners, without knowing that the one with whom he dealt has author-

ity, or that the other three owners agree to make the contract—in such case he deals at his own peril, and assumes the risk and uncertainty.

The original petition having made it appear that plaintiff made a contract by which plaintiff agreed to procure a purchaser who should be ready, willing and able to buy at $175 per acre real estate of which *defendant had an interest,* instead of stating ''of which he was the owner'' it was at once apparent that a material fact was omitted. This was the reason for sustaining the motion and this, together with failure to show defendant to be an agent with authority to act for the other owners, constitutes the basis of the decision sustaining the demurrer.

The demurrer is sustained.